(54 Misc. Rep. 41.)

### GALOWITZ v. BUMFORD.

(City Court of New York, Special Term. January, 1907.)

EXEMPTIONS—PROPERTY EXEMPT—HOUSEHOLD GOODS—WORKING IMPLEMENTS.

    A widow engaged in the express business owned a desk, counter, two chairs, three wagons, two sets of harness, and a Dutch collar, and had $7.47 in a bank. Her income during three months from the business ranged up to $14 a week. She supported her children. The property was not shown to be worth more than $250. *Held*, that the property was exempt, under Code Civ. Proc. §§ 1390–1392, exempting household furniture, working tools, etc., not exceeding in value $250.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Exemption, §§ 51, 55–57.]

Action by Joseph Galowitz against Marian Bumford.  On application for the appointment of a receiver of the property of defendant. Denied.

Julius J. Michael, for plaintiff.

WADHAMS, J.  Application is made for the appointment of a receiver of the property of the judgment debtor after an examination in proceedings supplementary to execution.  The judgment is for $534.31, recovered as damages for loss of a package by the debtor's driver.  The judgment debtor is a widow with five children.  Her husband died in July, 1905, and since then she has been carrying on an express business.  The testimony shows that the only property owned by her is a desk, a small counter, two chairs, three wagons, two sets of harness, and a Dutch collar.  The last horse owned by her died in November, and since then the horses have been hired.  She has $7.47 in the bank.  Her income during the past three months from this business has ranged from nothing to $14 a week.  She testifies that she does not make more than a bare living out of the business, eking it out by renting out rooms at the house where she shares the rent with her sister.

The statute does not authorize the seizure of or other interference with any property which is expressly exempt by law from levy and sale by virtue of an execution.  Code Civ. Proc. § 2463.  Sections 1390 and 1391 of the Code of Civil Procedure specify the personal property which is exempt, when owned by a householder or a person having a family for which he provides; and section 1392 prescribes that, where the judgment debtor is a woman, she is entitled to the same exemptions.  Among the exemptions specified are necessary household furniture, working tools, and team, not exceeding in value $250.  The property discovered is in my opinion, under the circumstances disclosed, within the exemption, and there is no proof that it is of greater value than $250.  The appointment of a receiver in this case would be an abuse of legal process.  The earnings are all necessary for the use of a family supported by this judgment debtor.  If the property were taken, it would leave a widow and orphans destitute.  Supplementary proceedings are intended to be used to compel the application of property unjustly withheld to the payment of the judgment, but will not be permitted to work oppression by taking away the only means of support from the judgment debtor and those dependent on her.

The proceeding is dismissed, and the motion denied, with $10 costs.